**KOLLER LAW LLC**
David M. Koller, Esq. (037082002)        *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **JOEY DAWSON,** | : | Civil Action No. |
| 693 E 32nd Street | : | |
| Paterson, NJ 07513 | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | **Complaint and Jury Demand** |
| | : | |
| **FEDEX FREIGHT, INC.,** | : | |
| **25 Demarest Drive** | : | |
| **Wayne, NJ 07470** | : | |
| | : | |
| **8285 Tournament Drive, Suite 100** | : | |
| **Memphis, TN 38125** | : | |
|     Defendant. | : | |

### CIVIL ACTION

Plaintiff, Joey Dawson (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, bring this civil matter against FedEx Freight, Inc. (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended and the New Jersey Law Against Discrimination ("NJLAD").  In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, FedEx Freight, Inc. is a provider of delivery and transportation services with a location at 25 Demarest Drive, Wayne, NJ 07470 and with a corporate

headquarters located at 8285 Tournament Drive, Suite 100, Memphis, TN 38125.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

**JURISDICTION AND VENUE**

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original

jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because some of the Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted his administrative remedies under Title VII.

13. Plaintiff timely filed a Complaint of Discrimination ("Complaint") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging sexual harassment, race discrimination and retaliation against Defendant.

14. The Complaint was assigned the Charge Number 524-2021-00723 and was dual filed with the Pennsylvania Human Relations Commission.

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated December 6, 2021. Plaintiff received the notice by electronic mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter.

18. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff was born on December 12, 1977.

21. Plaintiff is an African American male.

22. In May 2018, Defendant hired Plaintiff in the position of Material Handler.

23. Plaintiff was well qualified for his position and performed well.

24. In or around October 2018, Chris Lambert (Caucasian), Operations Supervisor, yelled at Plaintiff instead of giving him directions.

25. Shortly afterwards, Mr. Lambert approached Plaintiff to apologize.

26. However, Mr. Lambert placed his hand on Plaintiff's thigh in a sensual manner during his apology.

27. Plaintiff immediately instructed Mr. Lambert to cease touching him.

28. However, Mr. Lambert placed his hand on Plaintiff's thigh again and stated to him, "Don't take it personal, I'm just a family oriented guy."

29. Plaintiff took Mr. Lambert's statement to be a sexual advance, and immediately left the area.

30. Following Plaintiff's denial of Mr. Lambert's advances, Mr. Lambert began to call Plaintiff a slew of racially discriminatory in front of Plaintiff's coworkers as a way to embarrass and humiliate him.

31. These racially discriminatory comments, include, but are not limited to, "Lionel Richie looking motherfucker", "dark man Dawson", "dark knight", "you're just a corny black man", "big black cry baby" and "for a big black guy you got legs like a bitch".

32. In addition to the racially discriminatory comments, Mr. Lambert also frequently made sexually inappropriate comments to Plaintiff in front of Plaintiff's coworkers in order to embarrass and humiliate him.

33. These comments included, but were not limited to, "you don't get any pussy" and to "get the dick out of your ass and your mouth".

34. When Plaintiff voiced his opposition to Mr. Lambert's racially discriminatory and sexually harassing comments, Mr. Lambert responded that because of his position as Operations Manager he could speak to Plaintiff in any manner that he wished.

35. Shortly afterwards, Mr. Lambert began to sneak up on Plaintiff while he was working from behind to scare Plaintiff and grab his hand.

36. However, Mr. Lambert continued to touch Plaintiff inappropriately by touching his back and shoulders when he snuck up behind him.

37. Plaintiff believed Mr. Lambert's conduct were sexual advances, and he continued to deny it.

38. In or around mid-2019, Mr. Lambert followed Plaintiff walked up the stairs, told him to "move his ass" and proceeded to pat Plaintiff's on his buttocks.

39. Plaintiff immediately told Mr. Lambert not to touch him.

40. Plaintiff did not immediately report Mr. Lambert's discriminatory conduct and sexual harassment because he feared retaliation and needed his job.

41. However, Mr. Lambert continued his discriminatory and sexually harassing conduct of Plaintiff.

42. In December 2019, Plaintiff complained to the General Manager regarding Mr. Lambert's racially discriminatory conduct and sexual harassment.

43. Upon information and belief, the General Manager took no action to address Plaintiff's complaint as Mr. Lambert's conduct continued.

44. On December 16, 2020, Plaintiff complained to Victor De Aza, Employee Relations Advisor, regarding Mr. Lambert's racially discriminatory conduct and sexual harassment.

45. Human Resources informed Plaintiff that it would conduct an investigation.

46. Approximately one (1) month later, on or around January 15, 2021, Defendant terminated Plaintiff for allegedly making an inappropriate comment about a Caucasian female coworker.

47. However, Defendant refused to address Mr. Lambert's constant barrage of racially discriminatory and sexually harassing comments towards me.

48. It is Plaintiff's position that he was discriminated against due to his race, sexually harassed and retaliated against due to his complaints of the aforementioned discrimination and sexual harassment.

## COUNT I – RACE DISCRIMINATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

49. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

50. Plaintiff is a member of protected classes in that he is African American.

51. Plaintiff was qualified to perform the job for which he was hired.

52. Plaintiff suffered adverse job actions, including, but not limited to termination.

53. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

54. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

55. Defendants discriminated against Plaintiff on the basis of race.

56. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

57. The reasons cited by Defendants for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT II – RACE DISCRIMINATION
### NEW JERSEY LAW AGAINST DISCRIMINATION

58. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

59. The foregoing conduct by Defendants constitutes unlawful discrimination against Plaintiff on the basis of his race (African American).

60. As a result of Defendants' unlawful race discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT III
### SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

61. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

62. Taken together, the acts outlined above constitute a hostile work environment based on sex.

    a. Plaintiff suffered intentional discrimination because of his sex.

    b. Such discrimination was severe, pervasive, and/or regular.

    c. Such discrimination detrimentally affected Plaintiff.

    d. Such discrimination would have detrimentally affect a reasonable person of the same protected class in Plaintiff's position.

63. The unlawful employment practices outlined above were intentional

64. Plaintiff suffered tangible employment actions as alleged herein.

65. The harasser was Plaintiff's supervisor.

66. Plaintiff reported the sexual harassment to Human Resources and his supervisor.

67. Defendant knew or reasonably should have known of the sexual harassment.

68. Defendant failed to exercise reasonable care to prevent and promptly correct the harassing behavior.

69. Indeed, upon information and belief, Defendant failed to discipline the harasser for his misconduct, which caused Plaintiff to be subjected to further harassment.

70. As a result of Defendant's actions and conduct, Plaintiff has suffered emotional pain and distress, mental anguish, and loss of enjoyment of life's pleasures.

71. The above described acts of Defendant with regard to Plaintiff were egregious and were committed with a malicious, willful, and/or reckless indifference to the federally protected rights of Plaintiff.

72. The extreme and outrageous acts of Defendant merit the imposition of punitive damages.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT IV
### SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT
### NEW JERSEY LAW AGAINST DISCRIMINATION

73. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

74. The foregoing conduct created a sexually hostile work environment for Plaintiff.

75. Plaintiff suffered intentional discrimination because of his sex.

76. Defendant subjected Plaintiff to unwelcome conduct of a sexual nature that was severe and/or pervasive.

77. The harasser was Plaintiff's supervisor.

78. The discrimination detrimentally affected Plaintiff.

79. Plaintiff suffered tangible employment actions as alleged herein.

80. As a result of Defendant's conduct as aforementioned, Plaintiff has suffered damages as set forth herein.

81. Defendant knew or reasonably should have known of the sexual harassment.

82. Defendant failed to exercise reasonable care to prevent and promptly correct the harassing behavior.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT V – RETALIATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

83. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

84. Plaintiff engaged in protected activity protected by Title VII when he complained to his supervisor about the discriminatory, racial comments and sexual harassment.

85. Thereafter, Defendants took adverse employment actions against Plaintiff, including, but not limited to, termination.

86. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT VI – RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

87. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

88. Plaintiff engaged in activity protected by the PHRA when he complained to his supervisor about the discriminatory, racial comments and sexual harassment.

89. Thereafter, Defendants took adverse employment actions against Plaintiff, including, but not limited to, termination.

90. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Joey Dawson, requests that the Court grant him the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII and the NJLAD.

(j) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC

Date: March 7, 2022      By:  */s/ David M. Koller*
David M. Koller, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com

*Counsel for Plaintiff*