<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOEY DAWSON, <br><br> Plaintiff, <br><br> v. <br><br> FEDEX FREIGHT, INC., <br><br> Defendant. | Civil Action No. 22-01239 <br><br> **OPINION & ORDER** <br><br> November 6, 2024 |

**SEMPER**, District Judge.

  **THIS MATTER** comes before the Court on Defendant Fedex Freight, Inc.'s Motion for Reconsideration. (ECF 40, "Motion.") Plaintiff Joey Dawson opposed the motion. (ECF 43, "Opp.") Defendant filed a reply. (ECF 44, "Reply.") The Court has decided this Motion upon the submissions of the parties, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 78.1. For the reasons stated below, Defendant's Motion for Reconsideration is **GRANTED IN PART AND DENIED IN PART**.

  **WHEREAS** this action arises from Plaintiff Joey Dawson's action against Defendant Fedex Freight ("FXF") for race discrimination in violation of Title VII of the Civil Rights Act of 1964 and the New Jersey Law Against Discrimination ("NJLAD"), sexual harassment hostile work environment claims in violation of Title VII of the Civil Rights Act of 1964 and the NJLAD, and retaliation in violation of Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act. (ECF 1, Compl. ¶¶ 49-90.) This Court's March 22, 2024 Opinion granting in part and denying in part Defendant's motion for summary judgment includes a detailed recounting of the factual background of this matter. (*See* ECF 37, "March Opinion.") To the extent relevant to

the instant motion, the Court incorporates the factual and procedural history from the March 22, 2024 Opinion herein; and

**WHEREAS** Defendant seeks reconsideration of the March Opinion denying summary judgment on Count IV's NJLAD hostile work environment sexual harassment claim, arguing that FXF should not be precluded from relying on the *Faragher-Ellerth* affirmative defense. (ECF 40, Motion at 4-6.) Plaintiff argues that even if such a defense was available, it would still be inappropriate to grant Defendant summary judgment on Count IV because genuine issues of material fact exist regarding the reasonableness of the parties' actions. (ECF 43, Opp. at 5.) Defendant asserts that no genuine issues of material fact preclude dismissal based on the *Faragher-Ellerth* defense. (Reply at 3-5); and

**WHEREAS** a party may move for reconsideration of a previous order if there are "matter[s] or controlling decisions which the party believes the Judge has overlooked." L. Civ. R. 7.1(i). The Court will reconsider a prior order only where a different outcome is justified by "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam). A court commits a clear error of law "only if the record cannot support the findings that led to that ruling." *ABS Brokerage Servs. LLC v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F.3d 591, 603-04 (3d Cir. 2008)); and

**WHEREAS** "reconsideration is an extraordinary remedy, that is granted 'very sparingly.'" *Brackett v. Ashcroft*, No. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (emphasis added) (citations omitted); *see also Fellenz v. Lombard Inv. Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005). A motion for reconsideration "may not be used to relitigate old matters, nor to raise

arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). "Mere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs. LLC*, 2010 WL 3257992, at *6 (quoting *P. Schoenfeld Asset Mgmt. LLC*, 161 F. Supp. 2d at 353); and

**WHEREAS** here, Defendant sufficiently argues the availability of the *Faragher-Ellerth* defense. Defendant argues that to prevent raising the defense, "[P]laintiff [would] need to show that the tangible employment action was ***related to*** the alleged unlawful harassment or retaliation." *Jones v. SEPTA*, No. 12-6582, 2014 WL 3887747, at *6 (E.D. Pa. Aug. 7, 2014) (emphasis added). The discussion in *Seybert v. International Group* further specifies:

> [T]he employer may assert the defense unless the plaintiff shows that the tangible employment action was related to the alleged unlawful harassment or retaliation. Therefore, it follows that [plaintiff] must show that [his tangible employment action] was related to [the] alleged unlawful harassment or retaliation, before the Court will consider excluding evidence pertaining to [the] *Faragher/Ellerth* defense. To that end, the question of relatedness appears to be one of fact that the jury must decide—and with it, the availability of the *Faragher/Ellerth* defense. . .

No. 07-3333, 2009 WL 1971439, at *3 (E.D.Pa. July 6, 2009). The Court accordingly will allow Defendant to raise the *Faragher-Ellerth* defense. However, as mentioned by the *Seybert* Court, issues of fact remain for the jury to decide that preclude granting summary judgment on Count IV. As such, the Court will allow Count IV to proceed to trial, and Defendant will be allowed to raise the *Faragher-Ellerth* defense and evidence pertaining to its defense.

Accordingly, **IT IS** on this 6th day of November, 2024,

**ORDERED** that Defendant's motion for reconsideration (ECF 40) is hereby **GRANTED** such that Defendant may raise the *Faragher-Ellerth* defense at trial and **DENIED** as to granting summary judgment on Count IV.

**SO ORDERED.**

                                                                                 */s/ Jamel K. Semper*
                                                                                 **HON. JAMEL K. SEMPER**
                                                                                 **United States District Judge**

Orig:   Clerk
cc:     José R. Almonte, U.S.M.J.
         Parties