<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOEY DAWSON,<br><br>      *Plaintiff*,<br><br>      v.<br><br>FEDEX FREIGHT, INC.,<br><br>      *Defendant*. | Civil Action No. 22-01239<br><br>**OPINION AND ORDER**<br><br>September 18, 2025 |

**SEMPER**, District Judge.

      **THIS MATTER** comes before the Court on a Motion by David M. Koller, Esq. ("Movant") to Withdraw as Counsel for Plaintiff Joey Dawson ("Plaintiff"). (ECF 92.) The Court engaged in a colloquy with the Movant on the record on September 15, 2025, regarding the breakdown of relations between Plaintiff and his counsel. (*See* ECF 91.) The next day the Movant filed a certification and brief that described a breakdown in the attorney-client relationship between him and his client, Mr. Dawson. (ECF 92-1; ECF 92-2.) The Movant attests in those submissions that the relationship between him and Plaintiff has "so irreconcilably deteriorated that Movant cannot continue the representation of Plaintiff in this Matter" (ECF 92-2 at 1), and requests to withdraw the appearances of David M. Koller, Jordan D. Santo, and Koller Law LLC on behalf of Plaintiff. (ECF 92-1 ¶ 2.) Defendant FedEx Freight, Inc. has not opposed the Motion; and

      **WHEREAS** Local Civil Rule 102.1 provides that "[u]nless other counsel is substituted, no attorney may withdraw an appearance except by leave of Court." In considering a motion to withdraw, this District applies Rule 1.16 of the New Jersey Rules of Professional Conduct ("RPC"), which sets forth an attorney's ethical obligations in terminating representation of a client.

*See* Local Civil Rule 103.1 (providing that federal practitioners in this District are subject to the New Jersey RPCs); *see also Haines v. Liggett Grp., Inc.*, 814 F. Supp. 414, 422-23 (D.N.J. 1993) (holding that RPC 1.16 applies to a motion to withdraw as counsel in New Jersey federal court). RPC 1.16(b) sets forth various grounds on which an attorney may be permitted to withdraw from the representation of a client;[1] and

**WHEREAS** courts in this District guided by RPC 1.16 consider several factors in evaluating a motion to withdraw as counsel, including "1) the reason withdrawal is sought; 2) the prejudice withdrawal may cause to other litigants; 3) the harm withdrawal may cause to the administration of justice; and 4) the degree to which withdrawal may delay the resolution of the case." *United States ex rel. Cherry Hill Convalescent Ctr., Inc. v. Healthcare Rehab Sys., Inc.*, 994 F. Supp. 244, 252-53 (D.N.J. 1997); *accord Haines*, 814 F. Supp. at 423. Although good cause for withdrawal may exist, the decision to permit an attorney to withdraw his or her appearance remains entirely within the discretion of the Court. RPC 1.16(c); *see also Haines*, 814 F. Supp. at 422 (finding that RPC 1.16(c) "provides that withdrawal is entirely within the discretion of the court and a court may refuse to allow withdrawal despite a showing of good cause"); and

**WHEREAS** based upon the representations that the Movant made to the Court in open court, the Court finds that there has been a breakdown of communication between Mr. Koller and

---

[1] The RCP details those grounds as follows: (1) withdrawal can be accomplished without material adverse effect on the interests of the client; (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent; (3) the client has used the lawyer's services to perpetrate a crime or fraud; (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement; (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or (7) other good cause shown for withdrawal exists. RPC 1.16(b).

2

Mr. Dawson such that Mr. Koller is unable to effectively represent Plaintiff as counsel.  The Court therefore finds that there is good cause to permit Mr. Koller to withdraw as counsel.  *See Open MRI & Imaging of RP Vestibular Diagnostics, P.A. v. Horizon Healthcare Servs., Inc.*, No. 21-10991, 2023 WL 7000842, at *2 (D.N.J. Feb. 10, 2023) (granting motion to withdraw where there has been "a breakdown in the attorney-client relationship . . . and that [counsel] can no longer provide [the client] with appropriate representation"); *see also Indep. Project v. Gator Westfield, LLC*, No. 17-5051, U.S. Dist. LEXIS 28752, at *2 (D.N.J. Feb. 16, 2021) (granting withdrawal where "[t]he breakdown in the attorney-client relationship preclude[d] [the law firm] from providing appropriate representation").

**IT IS** on this 18th day of September, 2025, for good cause shown,

**ORDERED** that David M. Koller's Motion to Withdraw as Counsel (ECF 92) is **GRANTED**; the appearances of David M. Koller, Jordan D. Santo, and Koller Law LLC on behalf of Plaintiff Joey Dawson are **WITHDRAWN**; and it is further

**ORDERED** that the Movant and his law firm shall comply with their obligations under RPC 1.16(d), as adopted by Local Civil Rule 103.1; and it is finally

**ORDERED** that Plaintiff has forty-five (45) days to secure substitute counsel and notify the Court of this representation.

**SO ORDERED.**

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**UNITED STATES DISTRICT JUDGE**

Orig: Clerk
cc:     José R. Almonte, U.S.M.J.
        Parties

3